Rutledge, Ch. J.
was of opinion that this kind of testimony might be allowed in some cases, and was for granting a new trial.
Waties, J.
It is of great importance to keep different issues distinct* that the parties in one form of action may not be surprised by evidence which belongs to another. The evidence which the plaintiff wished to produce, would have been admissible in trespass, but was, I think, properly reflected in this action. Where there has been an unlawfid takings either trespass or trover will lie ; but if the party proceeds in trover he waives the tort, except as it is evidence of a conversion, and can only have damages for the value of the property converted, and the use of it while in the defendant’s possession. The real value of the property is not always the sole measure of damages ; if the conversion of it is (or may reasonably be supposed to be) productive of airy *274 benefit to the defendant, the jury may give additional dama» ges for it.; as where trover is brought for money in a bag, interest ought to be allowed, by way of damages, for the detention; so, in this case, if the negroes had not been delivered, damages could be given for the labour of the negroes; for the use of money or negroes is a certain benefit to the party who converts them, and he ought to pay for it. But where he acquires no gain to himself by .the conversion, it does not appear to me that he is answerable for any damages above the real value of the thing converted ; if he was, he would be answering for a mere delictum, for which he is pot liable in trover. By waiving the trespass in this action, which the plaintiff must do, he waives, 1 conceive, every1 kind of personal wrong which is unattended with any gain to the trespasser ; he releases him from every thing which death would release him from. If, for instance, the defendant had been dead at the time of bringing this suit, what could the plaintiff, in any form of action, have recovered from his executors l The same amount which he has now recovered, and no more ; that is, the value of the horse taken, or damages for the use of the negroes, while they were in the defendant’s possession ; but nothing for the loss of ci'op, which proceeded ex delicto, and produced no benefit to the defendant. For the same reason as this action is founded in property only, and no damages can be allowed for the mere delictum, I think the evidence offered was not admissible, and that the judge was right in refusing it.
Bay, J.
thought, that as in an action of trover the tort was waived, all its consequences were relinquished with ip The very nature of the action supposed that the defendant came lawfully into possession ; and, if so, no damages could or ought to be given till the true owner made his demand; from which time only, damages ought to be calculated. And where no specific demand was proved, then from the time of the commencement of the action ; and relied on the *275 case of Cooper et al. v. Chitty et al. 1 Burr. 31. where the nature of this action is particularly defined ; also, 3 Burr. 1364, 65. 2 Esp. 353.
Rule for a new trial discharged.